IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MILTON CARTER, JR.                                                          PLAINTIFF

v.                         Civil No. 4:19-cv-04131

NURSE KING; SGT. GRIFFEN;
and OFFICER GOLDE                                                           DEFENDANT

### ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff is representing himself in this action. On October 10, 2019, the Court entered an order directing that an Amended Complaint be filed. (ECF No. 5). The Court's Order also advised Plaintiff that if he "is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address." (ECF No. 5). Plaintiff was further informed that "[f]ailure to inform the Court of an address change may result in the dismissal of this case." (ECF No. 5).

On November 21, 2019, an Order sent to Plaintiff was returned to the Court as undeliverable, marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 12). On December 23, 2019, another filing sent to Plaintiff was returned to the Court as undeliverable, marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 14). Plaintiff has failed to inform the Court of his current address and no new address is available for Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds that plaintiff has failed to prosecute or has failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the District Court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge